Henry E. BELIEU and James M. Hysell, Plaintiffs,

v.

Paul MURRAY and Brandaris Insurance Company, Ltd., Defendants.

Civ. A. No. AC–923.

United States District Court
E. D. South Carolina,
Columbia Division.

July 21, 1964.

**580**

Henry H. Edens and Henry Hammer, Columbia, S. C., for plaintiffs.

Robert A. Bullock, Columbia, S. C., for defendants.

HEMPHILL, District Judge.

Action instituted by plaintiffs, admitted nonresidents of South Carolina, against defendants, automobile owner, admitted to be residing in the State of South Carolina, and foreign defendant corporation, for injuries and damages arising out of an automobile collision. Plaintiffs were nonpaying guest passengers in the automobile which left the highway while proceeding from Etain to Verdun (Department of Meuse), France, being operated at the time at an excessive speed. Defendant Murray answered denying liability; defendant foreign insurance corporation is in default. The record shows the Summons and amended Complaint were served upon the defendant insurance corporation in accordance with the laws of France and the Federal Rules of Civil Procedure.

Diversity of citizenship is sufficient to confer jurisdiction.[1] The cause was tried by the Court without a jury in compliance with Rule 52(a) of the Federal Rules of Civil Procedure, Title 28 U.S. C.A. The Court, therefore, reports findings of fact especially and states conclusions of law thereon as follows:

### FINDINGS OF FACT

At the time of the commencement of the action plaintiff Belieu was a resident and citizen of the State of Washington; plaintiff Hysell was a resident and citizen of the State of Alabama; defendant Murray was a resident and citizen of the State of South Carolina; defendant Brandaris Insurance Company, Ltd., of Amsterdam, Holland, was a corporation organized and existing under and by virtue of the laws of Holland, authorized to do business in the Country of France.

On June 4, 1960, plaintiffs were riding as passengers in a Mercury Sedan automobile owned and operated by the defendant Paul Murray which was proceeding in a westerly direction along the highway from Etain toward Verdun (Department of Meuse), France. The roadway was asphalt and narrow with numerous bends and curves.

During the course of the journey from Etain to Verdun defendant Murray operated his vehicle at a high and excessive rate of speed, despite repeated requests by plaintiffs to reduce the speed.

Notwithstanding the requests, warnings and protests of both plaintiffs, defendant Murray continued to drive at a speed of approximately 65 to 70 miles per hour, and while rounding a curve lost control of the vehicle causing it to go over the right shoulder where it struck two concrete poles 50 feet apart, then bounced to the opposite side of the road, as a result of which plaintiffs were thrown from the vehicle, sustaining severe and permanent injuries. The posted speed limit on the highway was 60 kilometers which, when reduced to miles per hour, approximates 45 miles per hour. Defendant, therefore, was guilty of negligence and wantonness in failing to keep his automobile under reasonable and proper control, in driving at a high and excessive rate of speed in violation of the posted speed limit of 60 kilometers (approximately 45 miles per hour), and in failing to decrease speed after repeated warnings given by the plaintiffs.

There is no proof that plaintiffs were guilty of any negligence or wantonness:

---

1. Foster v. Carlin, 200 F.2d 943 (4th Cir. 1952).

The negligence and wantonness of the defendant Murray constituted the direct, proximate and effective cause of defendant's vehicle leaving the roadway and the resulting injuries and damages to plaintiffs.

■ Plaintiff Belieu, at the time of injury, was 24 years of age and serving as a member of the United States Army in France. Prior to enlistment in the Army he worked as a truck driver and fruit farm worker earning approximately $400.00 per month, and he was in good physical condition and excellent health. Belieu sustained serious and permanent injuries to his left knee, head, back and right side of body. The injuries left his knee completely unstable and he walks only with the aid of a brace. According to a doctor a complete fusion of the knee joint is almost inevitable in the future. As a result of the injuries Belieu was totally disabled for a long period of time. He was hospitalized on June 4, 1960, and so remained for approximately six months. Because of his physical condition he is unable to pursue his former occupation as a trucker which would have permitted him to earn approximately $4,800.00 per year. Instead, he has been forced to perform sedentary work and is now employed as a cook earning approximately $2,500.00 per year. Therefore, he suffered an estimated loss of earning capacity of $2,300.00 per year by reason of his injuries for the remainder of his life, which, according to the South Carolina Mortuary Table, is 43 years.[2]

Belieu also suffered extreme pain, distress and humiliation by reason of his injuries. Taking into consideration the nature and extent of his injuries, the permanence of same, his permanently partial disability resulting therefrom, his loss of earning capacity, and the pain, suffering and humiliation he endured, it is my opinion that he has sustained damages in the amount of One Hundred Thousand ($100,000.00) Dollars.

■ Plaintiff Hysell at the time of injury at 28 years of age was also serving as a member of the United States Army in France. Prior to enlistment he worked as a farm worker driving heavy vehicles earning approximately $450.00 per month, was in good physical condition, excellent health. He sustained serious and permanent injuries to his right ankle, his left elbow, his nose, and his left leg which was so extensively crushed as to require amputation. A damaged right ankle and artificial leg permit only limited walking or standing, and because of damage to Hysell's left elbow, he is unable to use crutches except for short periods of time. He has been unable to obtain employment since the accident. He was hospitalized on June 4, 1960, and so remained for approximately 13 months thereafter. Because of his physical condition he is unable to pursue his former occupation which would have permitted him to earn approximately $5,400.00 per year. He has been unable to obtain employment since the occurrence on June 4, 1960. Therefore, he suffered an estimated loss of earning capacity of $5,400.00 per year by reason of his injuries for the remainder of his life, which, according to the South Carolina Mortuary Table [3] is 39.49 years. He also suffered extreme pain, distress and humiliation by reason of his injuries. Taking into consideration the nature and extent of plaintiff Hysell's injuries, the permanence of same, his permanently partial disability resulting therefrom, his loss of earning capacity, and the pain, suffering and humiliation endured, it is my opinion that he has sustained damages in the amount of One Hundred Fifty Thousand ($150,000.00) Dollars.

On the date of the collision there was in force and effect a policy of automobile

2. Title 26–12, South Carolina Code of Laws for 1962, as amended, "The mortuary table is admissable in evidence in a personal injury action in spite of uncontradicted testimony regarding plaintiff's health." Griggs v. Driggers, 230 S.C. 97, 94 S.E.2d 225.

3. Title 26–12, South Carolina Code of Laws for 1962, as amended.

liability insurance issued to the defendant Paul Murray by the defendant Brandaris Insurance Company, Ltd., of Amsterdam, Holland, wherein it had agreed to cover defendant Murray for all accidents occurring wherever said Murray might operate his Mercury Sedan automobile and agreed to pay judgments in any amount (unlimited liability) that might be rendered against said Murray in any court of competent jurisdiction, wherever located. This contract of insurance was entered into between the defendant Brandaris Insurance Company, Ltd., and the defendant Paul Murray in the Country of France.

## CONCLUSIONS OF LAW

There exists a diversity of citizenship between the plaintiffs and the defendants Paul Murray and Brandaris Insurance Company, Ltd., and this Court has jurisdiction of the parties and of the subject matter of this action.

■ The rights and duties of the parties are governed by the law of France, where the contract of insurance was entered into between the defendant Murray and the defendant Brandaris Insurance Company, Ltd., and this is where the cause of action arose.

Under French law rights against tortfeasors are based chiefly under the provisions of Articles 1382, 1383 and Section 1 of Article 1384 of the French Civil Code; these cover actions for personal injuries and for wrongful deaths, establishing the responsibility of direct tortfeasors and the responsibility of principals for acts of their agents, and for the wrongful acts of any person to whom the owner of a vehicle entrusts custody of same.

These articles read as follows:

*Article 1382* (Civil Code of France)

"Tout fait quelconque de l'homme qui cause a autrui un dommage, oblige celui par la faute duquel il est arrive, a le reparer."

Which means in English:

"Any act of man which causes damage to a third person obligates him, through whose fault it occurred, to repair it."

*Article 1383* (Civil Code of France)

"Chacun est responsable du dommage qu'il a cause, non seulement par son fait, mais encore par sa negligence ou par son imprudence."

Which means in English:

"Every person is responsible for the damages he has caused not only by his own acts, but also through his negligence or imprudence."

*Article 1384, Section 1* (Civil Code of France)

"On est responsable non seulement du dommage que l'on cause par son propre fait, mais. encore de celui qui est cause par le fait des personnes dont on doit repondre, ou des choses que l'on a sous sa garde."

Which means in English:

"One is responsible not only for the damage he causes by his own acts, but also for the acts of other persons for whom he ought to respond, or by the things over which he has custody."

■ It has been uniformly held, under French law, that it is sufficient to show only slight fault in order to establish full legal liability. This applies in non-paying guest cases, unlike the rule that prevails in many American states, where gross or wilful negligence must be shown, or intoxication.

In reversing the Court of Appeals, the Court of Cassation (the Supreme Court of France) in the case of Enthoven v. Phenix Accident Insurance Co., and Castroux, decided 23 January 1957, reported in Bull.Civile 1957.74; Sem. Juridique 1957.9839, said:

"Whereas after having observed that the damages sustained were attributed to an involuntary movement on the part of Castroux who was caused to lose control of his vehicle when making a turn on soft or wet ground, thereby causing him to skid over to the other side of the road, the judges of the Court

of Appeals held that this constituted only a 'slight fault', and one not sufficiently serious to generate responsibility."

"Whereas for this reason it (the Court of Appeals) refused to allow indemnity for the consequences of the fault stated, the Court of Appeals violated the aforementioned laws (Articles 1383, 1382, 1384(1) Code Civil).

"For this reason the judgment is broken (reversed).

The French text of which reads:

"Attendu qu'apres avoir observe que le dommage devait etre attribue a un mouvement involontaire de Castroux, ayant entraine un changement de direction qui avait deporte la voiture a un tournant et l'avait conduite sur le sol mou bas-cote ou elle avait derape, les juges d'appel ont declare qu'une telle defaillance constituait une faute legere et qu'en l'espece seule une faute lourde aurait pu etre generatrice de responsabilite;

"Attendu qu'en se refusant ainsi a tirer les consequences juridiques de la faute constatee, la Cour d'Appel a viole les textes sus-vises;

"Par ces motifs: casse."

The foregoing was a guest case.

On showing only a slight fault, the tortfeasor and his insurance company must indemnify the injured parties in full.

In the case of Braun v. Cie General Francaise des Tramways, the Court of Cassation (Supreme Court), reported in Chambre Civile, Gazette du Palais 1955, 1.10, 2nd Sec., 28 October 1954, said:

"The essence of civil liability is to require re-establishment, as exactly as possible, of the equilibrium destroyed by the wrongdoer and to replace the injured party, at the expense of the wrongdoer, in the same situation as if the tortious act had not occurred."

The French text of which reads:

"Attendu que le propre de la responsabilite civile est de retablir aussi exactement que possible l'equilibre detruit par la dommage et de replacer la victime aux depens du responsable, dans la situation ou elle se serait trouvee si l'acte dommageable n'avait pas eu lieu."

In the case of Mlle. Dubois v. Great American Indemnity Company reported in G.P. 1960.I.262, the court said:

"Considering that in all liability insurance, which is the case here, the parties to the insurance contract are not the only interested parties, the victim benefits by the provisions of the French law, by virtue of Article 53 of the Law of 13 July 1930, allowing a direct action against the insurer which has as its object the prevention of insolvency of the assured as the victim's debtor, and to guarantee thus the complete reparation of damages unjustly suffered; by its said objective this direct action is a matter of public policy according to the rules and law of private international law and thus applies to the foreign assured and a foreign insurance company for the benefit of all victims of an accident that occurred in France."

The French text for the foregoing reads:

"Considerant que dans toute assurance de responsabilite, ce qui est le cas en l'espece, les parties au contrat d'assurance, assureur et assure, ne sont pas seules interessees; que la victime beneficie en droit francais, en vertu de l'article 53 de la loi du 13 juillet 1930, d'une action directe qui a pour objet de lui eviter les risques d'insolvabilite de l'assure son debiteur, et de garantir ainsi la reparation complete des dommages injustement subis; que, par son objet cette action directe est d'ordre public au regard des regles du droit international prive et s'impose, meme a un assure et un assureur

**584**

etrangers au profit de toute victime d'un accident survenu en France."

 Further, where the accident occurred in France and the tortfeasor is a foreigner who has left the jurisdiction before service of process on him, he may be served in a suit filed in France, where the accident occurred, through official French diplomatic channels pursuant to the last paragraph of Article 59, Code of Civil Procedure as modified by the law of 26 November, 1923 and valid jurisdiction is obtained. This section reads in French as follows:

> "Le demande en reparation du dommage cause par un delit, une contravention ou un quasi-delit, pourra etre portee devant le tribunal du lieu ou le fait dommageable s'est produit."

> Translated into English this means:

> "The claim for damages caused by a tortious act, or by a violation of a regulation or statute, or by unintentional negligence, can be brought before the court where the damaging act occurred."

Applying the foregoing principles of law to the facts in this case, I conclude that the occurrence and resulting injuries and damages to the plaintiffs were caused by the negligence and wantonness of the defendant Murray.

The negligence and wantonness of the defendant Murray was a direct and proximate cause of the occurrence and resulting damages and injuries to the plaintiffs, and without said negligence and wantonness said damages and injuries would not have occurred.

 The defendant Brandaris Insurance Company, Ltd., is jointly and directly liable with its insured, the defendant Murray, to the injured plaintiffs and may be sued in South Carolina, the domicile of the defendant Murray at the time of the institution of this action.

For the foregoing reasons, it is my opinion that the plaintiff Henry E. Belieu is entitled to recover judgment against the defendants Paul Murray and Brandaris Insurance Company, Ltd., for damages in the sum of One Hundred Thousand ($100,000.00) Dollars and the plaintiff James M. Hysell is entitled to recover judgment against the defendants Paul Murray and Brandaris Insurance Company, Ltd., for damages in the sum of One Hundred Fifty Thousand ($150,000.00) Dollars.

Defendants are liable for the costs of this action.

It is so ordered.